IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE J. HANCOCK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 08 C 0300 |
| | ) | |
| MARLENE'S TRUCKING IL, INC., | ) | JUDGE JOAN H. LEFKOW |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT**

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF COOK      )

TERRENCE J. HANCOCK, first being duly sworn upon his oath, deposes and says:

1. I am now, and at all relevant times have been a Trustee of each of the Plaintiff Funds and have personal knowledge of the matters hereinafter set forth and, if called as a witness in this cause, am competent to testify in respect thereto.

2. I have read the Complaint filed in this cause, and know of my own personal knowledge the contents of the Agreements and Declarations of Trust heretofore cited in the Complaint of the Plaintiffs, and all facts alleged therein, and if called and sworn as a witness am competent to testify thereto.

3. The Plaintiff Funds have been established, pursuant to collective bargaining agreements, for the purpose of providing and maintaining pension and welfare benefits for

employees of participating employers employed within the occupational jurisdiction of Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Union, Local No. 731. The said Funds are administered in accordance with the Labor-Management Relations Act of 1947, as amended, and the Employee Retirement Income Security Act of 1974.

4. The Board of Trustees is charged with keeping and maintaining individual records on each person, firm and corporation required to make contributions to said Plaintiff Funds, receives and records contributions made by such persons, firms or corporations, and has under its supervision and direction all books, records, documents and papers relating to such Plaintiff Funds.

5. I have examined the account of Defendant, MARLENE'S TRUCKING IL, INC., a corporation, and state that said Defendant has been required to make monthly contribution reports under the terms of the Excavators Agreement to which Defendant is obligated and to which the Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Union, Local No. 731 is also obligated for the months of September 2007 through February 2008.

6. For the months of September 2007 through February 2008, the said Defendant has submitted monthly contribution reports on reporting forms provided by Plaintiffs. All of said reports were submitted pursuant to the Excavators Agreement, but no payments thereon have been made. The Fund has maintained all such reports under Account Number 11245.

7. Upon careful review of the contribution reports submitted for the months of October 2007 and November 2007, without the required contributions, I have determined that there is due and owing the Plaintiffs, as Trustees of the Health and Welfare Fund of the Excavating, Grading and

Asphalt Craft Local No. 731 the sum of $1,402.20 and there is due and owing the Plaintiffs, as Trustees of the Local 731, I.B. of T. Excavators and Pavers Pension Trust Fund, the sum of $1,094.40.

8. It is provided in the collective bargaining agreement that contributions are to be submitted no later than the twentieth (20th) day of the month following the month for which contributions are due.

9. Part IV, Article III, Section 1A of the Agreement and Declaration of Trust and Health and Welfare Plan of the Health and Welfare Fund of the Excavating, Grading and Asphalt Craft Local No. 731 provides as follows:

> "Section 1. In the administration of the Welfare Plan, the Trustees, consistent with the purposes of the Trust Fund, shall have power and authority to:
>
> A. Require the Employer:
>
> 1. to submit for each month a report stating the names, Social Security Numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Employer to Trustees, or, if no such persons are employed, to submit a report so stating;
>
> 2. to accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;
>
> 3. to make all of its payroll books and records available to Trustees for the purpose of auditing the same to verify the accuracy of Employer's past reporting, upon request made by Trustees;
>
> 4. to compensate Trustees for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of ten (10%) percent of any and all contributions which are not received by Trustees for a particular month prior to the 20th day of the succeeding month; effective May 9, 1991, the amount of twenty

(20%) percent of any and all contributions which are not received by Plaintiffs for a particular month prior to the 20th day of the succeeding month;

5. to pay any and all costs incurred by Trustees in auditing Employer's payroll records, should it be determined that Employer was delinquent in the reporting or submission of all contributions required by it to be made to Trustees;

6. to pay Trustees reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Employer to submit its payroll books and records for audit or to recover delinquent contributions;

7. to furnish to Trustees a bond with good and sufficient surety thereon, in an amount acceptable to Trustees, to cover future contributions due the Trustees.

The remedies provided herein shall be exclusive of any other remedies available to the Trustees, and shall have no effect upon such remedies."

10. Part IV, Article III, Section 1A of the Agreement and Declaration of Trust and Pension Plan of the Local 731, I.B. of T., Excavators and Pavers Pension Trust Fund provides as follows:

"Section 1. In the administration of the Pension Plan, the Trustees, consistent with the purposes of the Trust Fund, shall have power and authority to:

A. Require the Employer:

1. to submit for each month a report stating the names, Social Security Numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Employer to Trustees, or, if no such persons are employed, to submit a report so stating;

2. to accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable Collective Bargaining Agreement or Agreements;

3. to make all of its payroll books and records available to Trustees for the purpose of auditing the same to verify the accuracy of Employer's past reporting, upon request made by Trustees;

4. to compensate Trustees for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of ten (10%) percent of any and all contributions which are not received by Trustees for a particular month prior to the 20th day of the succeeding month; effective May 9, 1991, the amount of twenty (20%) percent of any and all contributions which are not received by Plaintiffs for a particular month prior to the 20th day of the succeeding month;

5. to pay any and all costs incurred by Trustees in auditing Employer's payroll records, should it be determined that Employer was delinquent in the reporting or submission of all contributions required by it to be made to Trustees;

6. to pay Trustees reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Employer to submit its payroll books and records for audit or to recover delinquent contributions;

7. to furnish to Trustees a bond with good and sufficient surety thereon, in an amount acceptable to Trustees, to cover future contributions due the Trustees.

The remedies provided herein, shall be exclusive of any other remedies available to the Trustees, and shall have no effect upon such remedies."

11. The Trustees have assessed twenty (20%) percent liquidated damages, provided for in the Trust Agreements governing the administration of the Funds, on Contribution Reports untimely submitted by the Defendant for the months of October 2007 and November 2007. The total amount of the assessment is $280.44 for the Welfare Fund. The total amount of the assessment is $218.88 for the Pension Fund.

12. From the contribution reports submitted, I have determined that there is due and owing to the Plaintiffs, as trustees of the Health and Welfare Fund of the Excavating, Grading and Asphalt Craft Local No. 731 and due and owing the Plaintiffs, as Trustees of the Local 731, I.B. of T., Excavators and Pavers Pension Trust Fund, for the contribution months of October 2007 and November 2007 the amounts set forth below:

| | |
|---|---|
| Contributions and liquidated damages due the Welfare Fund | $1,682.64 |
| Contributions and liquidated damages due the Pension Fund | $1,313.28 |

Copies of the monthly contribution reports for the months of September 2007 through February 2008 are attached to and made a part of this Affidavit.

13. In my capacity as Trustee I have become familiar with the administration of such Funds and that it is custom in administrating such Funds, including the Plaintiff Funds, to employ additional administrative personnel whose duties include determining which employers are delinquent in timely submission of reports and contributions, contacting and corresponding with such delinquent employer, follow-up and checking procedures for determining subsequent receipt of delinquent payments, additional preparation of employee notices to such employers' employees, processing of claims of employees of such delinquent employers and verification of eligibility, and the processing of subsequently received delinquent contributions and reports. At all relevant times, Plaintiffs have employed individuals whose duties are primarily related to the foregoing activities and other related collection efforts.

14. In addition to the foregoing, Plaintiffs are deprived of the loss of the benefit of the use of contributions which are not submitted in a timely manner as required by the terms of the collective bargaining agreement and Trust Agreements.

15. The exact cost of such collection efforts, as specified above, as well as the loss of use of contributions not timely submitted, would be extremely difficult to ascertain as to any particular delinquent employer. In addition, such ascertainment, as would be possible, would involve the Funds' incurring additional costs to the detriment of the Funds' beneficiaries for whose benefit the contributions are to be utilized. Accordingly, numerous Funds, including the Plaintiff Funds, in order to agree in advance with participating employers as to a reasonable estimate of such damages, should a delinquency occur, and to avoid subsequent disputes with participating employers as to the exact amount of such damage to the Funds, have established the custom of including within the Trust Agreements specific liquidated damage provisions to which all participating employers are bound by incorporation within the collective bargaining agreement.

16. I make this Affidavit in support of the application of Plaintiffs for entry of judgment and requests this Court to consider the same as proof in support of the allegations contained in the Complaint of the Plaintiffs and such other facts herein set forth.

FURTHER AFFIANT SAYETH NOT.

_____
TERRENCE J. HANCOCK

SUBSCRIBED AND SWORN
TO before me this ___
day of _____ 2008
_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Roberta A. Lesler
Notary Public, State of Illinois
My Commission Expires 04-03-11

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Affidavit of Terrence J. Hancock) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 8th day of April 2008:

> Ms. Regina Zatar, Registered Agent
> Marlene's Trucking IL, Inc.
> 4711 Midlothian Tpk. #11
> Crestwood, IL 60445

/s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\731exc\Marlene's Trucking\hancock affidavit-judgment.cms.df.wpd